IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 93-141 |
| ) | Civil No. 16-967 |
| ) | Judge Nora Barry Fischer |
| ORLANDO JACOBS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

I. INTRODUCTION

This matter is before the Court on a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, ("Motion"), filed by *pro se* Defendant Orlando Jacobs ("Jacobs"), (Docket No. 143), and the Government's opposition thereto, (Docket No. 145). Jacobs maintains that his sentence should be vacated in light of *Johnson v. United States*, 576 U.S. ___, 135 S.Ct. 2551, 2556-57 (2015) which held that the "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is void for vagueness. (Docket No. 143). While Jacobs acknowledges that he has served the entirety of the twenty-two (22) year term of incarceration, he contends that the five-year term of supervised release should be set aside and reduced. (*Id.*). In response, the Government argues that Jacobs' § 2255 motion should be denied because he is not "in custody" for purposes of § 2255. (Docket No. 145). The Government also contends that the motion is moot because Jacobs subsequently violated the terms of his federal supervised release, leading to the imposition of the revocation sentence of "time served" and two years of supervised release that he is currently serving. (Docket No. 145). After careful consideration of the parties' submissions and for the following reasons, Jacobs' Motion [143] is denied.

1

II. BACKGROUND

This case has a lengthy procedural history, much of which the Court of Appeals has recounted in one of its decisions. To this end,

> Orlando Jacobs was convicted following a jury trial in United States District Court for the Western District of Pennsylvania of possession of a weapon by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1). The indictment alleged that Jacobs possessed a .357 magnum revolver, after having been previously convicted in the Court of Common Pleas of Allegheny County, Pennsylvania, for the crime of burglary. Applying the "Armed Career Criminal" provision of the Guidelines, U.S.S.G. § 4B1.4, the sentencing court concluded that Jacobs' guidelines' sentencing range was 262 to 327 months, and the court sentenced him to imprisonment for 22 years.
>
> [The Court of Appeals] affirmed in *United States v. Jacobs*, 44 F.3d 1219 (3d Cir. 1995), and Jacobs' petition for writ of certiorari was denied. A motion to vacate sentence under 28 U.S.C. § 2255 was denied by the sentencing court, and, in 1999, [the Court of Appeals] denied Jacobs' request for a certificate of appealability with respect to that decision. [The Court of Appeals] then denied an application made by Jacobs in 2001 for leave to file a second or successive section 2255 motion.

*United States v. Jacobs*, 162 F. App'x 148, 148–49 (3d Cir. 2006). Jacobs later sought relief pursuant to 18 U.S.C. § 3582(c)(2), which was also denied by the District Court and later affirmed on appeal. *Id.* at 151.

After serving his federal sentence of 22 years' imprisonment, Jacobs was released from custody of the Bureau of Prisons ("BOP") on March 19, 2012 and then forwarded to state custody so that he could serve two separately imposed state sentences. (Docket Nos. 87; 93; 94). He was paroled from state custody on August 11, 2014 and placed at Gateway Rehabilitation Center in Braddock by state authorities. (Docket No. 87). Jacobs did not notify the U.S. Probation Office that he was paroled nor that he had been placed at Gateway. (*Id.*). The Probation Office was later notified that Jacobs absconded from Gateway on February 18, 2015,

2

leading it to initiate violation proceedings in this Court and an arrest warrant to be issued. (*Id.*). Jacobs was arrested on a parole violation warrant, and served several months in state custody, (from June 2, 2015 to December 2, 2015), prior to being re-paroled with conditions, including that he reside at the Alle-Kiski Pavilion. (Docket No. 104). When Jacobs appeared before this Court on December 4, 2015, with appointed counsel, he admitted committing the violations. (*Id.*). With the agreement of the parties and the Probation Office, the Court declined to revoke Jacobs' supervised release and ordered him to continue on the original term, noting that he also remained subject to terms of his parole including that he was required to reside at Alle-Kiski Pavilion as a condition of same. (Docket No. 105).

Less than three months later, on February 20, 2016, Jacobs absconded from the Alle-Kiski Pavilion. (Docket No. 106). A violation warrant was again issued, he was arrested on the federal warrant on March 23, 2016 and placed in federal custody. (Docket No. 108). Counsel was again appointed to represent him. (Docket No. 110). A supplemental petition was then filed by the Probation Office on March 20, 2016, advising that Jacobs had been charged with state offenses in Westmoreland County based on allegations that he had stolen a wallet from another individual and then used the victim's credit card at a tavern and retail stores. (Docket No. 123). The matter was continued for several months until the Court was notified that the state charges had been dismissed and that the parties were prepared to proceed. (*See* Docket Nos. 120-21; 125-26; 128-29; 132-33; 134-35).

At a violation hearing held on December 19, 2016, with the assistance of counsel, Jacobs admitted to violating the condition that he shall notify the probation office of any change of residence within 72 hours by absconding from the Alle-Kiski Pavilion without notifying the Probation Office and the new charge violation was dismissed with agreement of the parties and

3

the Probation Office. (Docket No. 137). The parties agreed with the Probation Office that the advisory guidelines range was 8-14 months for Jacobs' grade "C" violation and, as he had already served more than 8 months in custody and was still subject to a parole violation warrant, he was sentenced by this Court to "time served" imprisonment, to be followed by 24 months' supervised release. (Docket Nos. 137-38). Jacobs did not appeal this sentence to the United States Court of Appeals for the Third Circuit, making it final. *See Docket Report*, Crim. No. 93-141.

While Jacobs was in custody and subject to the second federal supervised release violation warrant, in a *pro se* motion signed on June 22, 2016, he moved to vacate his 5-year term of supervised release based on *Johnson*. (Docket No. 130). He argued that the predicate offenses supporting the ACCA enhancement in his case no longer qualify as violent felonies. (*Id.*). On August 3, 2016, after having been advised that the Federal Public Defender would not be representing Jacobs on his collateral attack, this Court denied Jacobs' motion, without prejudice, for lack of subject matter jurisdiction, because he had not received a certificate of appealability from the Court of Appeals authorizing him to file a second or successive § 2255 petition. (Docket No. 131). Following this Court's Order, Jacobs applied for and subsequently received authorization from the Court of Appeals to file a second or successive § 2255 motion in an Order dated October 20, 2017. (Docket No. 143). Jacobs' previously submitted *pro se* § 2255 motion was transferred to this Court and the Government was ordered to respond.[1] (*Id.*). The Government filed its response on November 14, 2017, arguing that Jacobs is no longer in custody and that his motion has been rendered moot by the revocation of his supervised release and the imposition of the new judgment on the violation. (Docket No. 145). Jacobs has not

---

[1] The Court notes that the Office of the Federal Public Defender was contacted by Chambers staff to determine if it would represent Jacobs in these § 2255 proceedings but its counsel declined to enter an appearance on his behalf. (*See* Staff Note dated 10/24/17).

sought leave to file a reply and the Court does not believe that a reply is necessary at this juncture. Accordingly, the matter is now fully briefed and ripe for disposition.

   III.   LEGAL STANDARD

A prisoner in federal custody may move to vacate his or her sentence under 28 U.S.C. § 2255(a) if such "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). A motion under § 2255 is a collateral challenge that is viewed less favorably than a direct appeal and "relief under § 2255 is available only when 'the claimed error of law was a fundamental defect which inherently results in a complete miscarriage of justice, and ... present[s] exceptional circumstances where the need for the remedy afforded by the writ ... is apparent.'" *United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014) (quoting *Davis v. United States*, 417 U.S. 333, 346, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974)) (further quotations omitted). Generally, a district court must order an evidentiary hearing in a federal habeas case if a criminal defendant's § 2255 allegations raise an issue of material fact. *United States v. Biberfeld*, 957 F.2d 98, 102 (3d Cir. 1992); *United States v. Tolliver*, 800 F.3d 138, 140-41 (3d Cir. 2015). But, if there is "no legally cognizable claim or the factual matters raised by the motion may be susceptible of resolution through the district judge's review of the motion and records in the case," the motion may be decided without a hearing. *United States v. Costanzo*, 625 F.2d 465, 470 (3d Cir. 1980); *see also Tolliver*, 800 F.3d at 140-41. If a hearing is not held, the district judge must accept the criminal defendant's allegations as true "unless they are clearly frivolous on the basis of the existing record." *Gov't of Virgin Islands v. Bradshaw*, 726 F.2d 115, 117 (3d Cir. 1984). Similarly, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation." *United States v. Knight*, 2009 WL 275596, at *13 (W.D. Pa. 2009) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir.

5

## IV. DISCUSSION

Jacobs filed his § 2255 motion seeking an order setting aside the mandatory 5-year term of supervised release imposed in his case, arguing that he no longer has three qualifying convictions supporting the sentencing enhancements under ACCA, making the supervised release term unlawful. (Docket No. 143). In doing so, he acknowledged that he had fully served the incarceration portion of his sentence, (i.e., 22 years), and was released from BOP custody in 2012. (*Id.*). Although the Government concedes that Jacobs' arguments that he no longer qualifies as an armed career criminal after *Johnson* "may have some merit," and does not contest same for purposes of the instant motion, it seeks dismissal of Jacobs' motion because he was not "in custody" at the time it was filed and maintains that the motion is now moot due to the imposition of the revocation sentence. (Docket No. 145). Having carefully considered the parties' positions in light of the evidence of record, the Court agrees that the § 2255 motion must be denied, as moot.

At the outset, the Court disagrees with the Government's assertion that Jacobs is not "in custody" for § 2255 purposes. *See* 28 U.S.C. § 2255(a) ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, […], or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."). It is well established that a petitioner satisfies the "in custody" requirement if he is on supervised release at the time the § 2255 motion is filed. *See e.g., United States v. Baird*, 312 F. App'x 449, 450 (3d Cir. 2008) ("We have made plain that a petitioner on supervised

release is 'in custody' for purposes of § 2255"); *Maleng v. Cook*, 490 U.S. 488, 491, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540 (1989) (citation omitted) ("We have interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed."). When a petition for leave to file a second or successive § 2255 petition is granted by the Court of Appeals and simultaneously transferred to the District Court, the original date of the filing of the petition is utilized, rather than the date that the petition was transferred. *See e.g., Orona v. United States*, 826 F.3d 1196, 1199-1200 (9th Cir. 2016) (after granting second or successive application to file § 2255 *Johnson* motion and simultaneously transferring it to district court, deeming motion filed as of the date of the petition for second or successive application to court of appeals). Here, Jacobs was subject to the original 5-year term of supervised release when he submitted his initial § 2255 *Johnson* motion to this Court in June of 2016 and remained so when he filed his petition with the Court of Appeals seeking authorization to proceed with a second or successive petition in August of 2016. (*See* Docket Nos. 130; 143). Indeed, Jacobs was in custody of the United States Marshal Service at the North East Ohio Correctional Center awaiting revocation proceedings before this Court at the time that he made these filings. (*Id.*). Hence, the Court must conclude that Jacobs was "in custody" at the time of filing his § 2255 *Johnson* motion and will not dismiss it on this basis.

The Government further contends that Jacobs' § 2255 motion is moot because the mandatory 5-year term of supervised release he is attempting to collaterally attack was subsequently revoked by the Court. (Docket No. 145). To that end, after admitting to violating the terms of his supervised release, Jacobs was sentenced to "time served" incarceration, (i.e., approximately 8 and ½ months), to be followed by a term of 24 months' supervised release, which he is now serving. (Docket No. 138). As the Court of Appeals has recognized,

> [t]he federal courts are courts of limited jurisdiction, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994), and our power to render judgment is circumscribed by the Article III requirement that a live case or controversy exist throughout all stages of litigation, including appellate review, *see* U.S. Const. art. III, § 2; *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990). This requirement is satisfied when the parties "continue to have a 'personal stake in the outcome' of the lawsuit." *Lewis*, 494 U.S. at 478, 110 S.Ct. 1249 (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 101, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983)). When the parties lose their personal stake in the outcome, the case becomes moot and must be dismissed, even if it once was a live controversy at an earlier stage of the proceedings. *See Davis v. FEC*, 554 U.S. 724, 732–33, 128 S.Ct. 2759, 171 L.Ed.2d 737 (2008).

*United States v. Huff*, 703 F.3d 609, 611 (3d Cir. 2013). Stated another way, "[a] live case or controversy may become moot if (1) the alleged violation has ceased and there is no reasonable expectation that it will recur, and (2) 'interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.'" *United States v. Ebersole*, 263 F. App'x 251, 253 (3d Cir. 2008) (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979)).

In a situation such as this one, where a habeas petitioner challenges only the length of his sentence and not his underlying conviction but has been released from custody on that sentence, it is his burden to demonstrate a "continuing injury, also referred to as a collateral consequence, [ … ] for the action to continue." *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009). The prevailing caselaw establishes that the revocation of parole, probation or supervised release does not constitute a collateral consequence nor does any alleged reputational injury arising from such actions. *See e.g., Spencer v. Kemna*, 523 U.S. 1, 14-18, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998); *Huff*, 703 F.3d at 611-12; *Ebersole*, 263 F. App'x at 253. Similarly, the potential of future increased penalties in a criminal proceeding or at a supervised release hearing, based on an

individual's commission of crimes or violations that have yet to occur, do not demonstrate an actual injury-in-fact sufficient to permit the case to go forward. *See Lane v. Williams*, 455 U.S. 624, 632, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982) (increased sentence in future criminal proceeding not collateral consequence); *United States v. Perotti*, 702 F. App'x 322, 323–24 (6th Cir. 2017) ("This harm is too uncertain to be cognizable. It could only arise if Perotti violates the terms of his federal supervised release, something we cannot assume will occur and do not wish to encourage. There would also need to be a revocation hearing, a finding of a violation, and the imposition of a sentence.").

Applying these principles to the instant matter, the Court finds that Jacobs' motion is moot. To this end, the relief he seeks, a reduction of the mandatory, 5-year term of supervised release which was imposed under ACCA, and the Government now concedes was unlawful, making the term in excess of the statutory maximum sentence 3 years of supervised release for his § 922(g)(1) conviction, has been afforded to him, albeit by virtue of the revocation sentence which reduced the term of supervised release to 2 years. *See Williams v. Ebbert*, No. 3:16-CV-145, 2016 WL 5133742, at *1–2 (M.D. Pa. Sept. 19, 2016) (denying § 2241 petition as moot because defendant had § 2255 *Johnson* motion granted by the sentencing court); *Perotti*, 702 F. App'x at 323–24 (defendant's appeal of the length of his sentence reduction of "time served" after grant of § 2255 Johnson motion was moot as he alleged no collateral consequences). Jacobs has not alleged any collateral consequences arising from the original sentence and it appears to this Court that any amendment of the instant motion to permit Jacobs to allege such circumstance would be futile given the caselaw noted above. (*See* Docket No. 143).

Moreover, even if Jacobs' motion was broadly construed as challenging his current revocation sentence of 24 months' supervised release, and seeking a further reduction of same,

9

the Court would alternatively hold that such relief is not appropriate on this record. In this regard, the current sentence was imposed by this Court after careful consideration of § 3583(e) and all of the relevant § 3553(a) factors. Neither party appealed this Court's sentence or challenged it any way. In this Court's estimation, the revocation sentence, including the 24-month term of supervised release, remains a fair and appropriate sanction for Jacobs' violation of the conditions of supervised release which constituted a significant breach of the trust placed in him by the Court, particularly with respect to the decision not to revoke his supervised release in December of 2015. *See United States v. Dees*, 467 F.3d 847, 853 (3d Cir. 2006) ("a district court's primary consideration in handing down a revocation sentence is the defendant's breach of trust.").

As the Court noted at the hearing, Jacobs has a lengthy criminal history and served a substantial period of time incarcerated in federal and state facilities. (*See Presentence Investigation Report*; Docket Nos. 87, 106). Upon Jacobs' release in 2014, he never reported to the Probation Office and then absconded from a halfway house where he was placed by state authorities. (Docket No. 87). When Jacobs appeared before the Court in December of 2015, it declined to revoke his supervised release because he had been sanctioned by the parole board, served 6 months in custody and had been ordered to report to a second halfway house. (Docket Nos. 104-05). It was more than troubling to the Court to learn a few months later that Jacobs had absconded from this halfway house as well. (Docket No. 106). With that said, the Court also considered that he had made efforts to work while at the halfway house and had completed programming offered by the NEOCC. (*See* Docket No. 140-2). The Court imposed the guidelines sentence of "time served" incarceration that his counsel had recommended yet believed that further supervision was necessary given Jacobs' considerable difficulties in

transitioning back to society. With respect to the length of that term, the Court was aware that Jacobs was pursuing the instant § 2255 *Johnson* motion in the Court of Appeals,[2] and understood that the imposition of another 5-year term would likely be subject to a collateral attack such as this one. In light of same, the Court sentenced Jacobs to a term of 24 months supervised release, (i.e., a period below the statutory maximum of 3 years supervised release for a § 922(g)(1) conviction), which it believes remains fair and appropriate under all of the facts, circumstances and relevant § 3553(a) factors. (*See* Docket Nos. 137-38).

For all of these reasons, the Court will deny Jacobs' motion, with prejudice.[3]

V. CONCLUSION

Based on the foregoing, Jacobs' Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 is denied, with prejudice. The Court also holds that Jacobs has failed to make a substantial showing of the denial of a Constitutional right and is not entitled to a certificate of appealability. An appropriate Order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
U.S. District Judge

Dated: January 18, 2018

cc/ecf: All counsel of record
Orlando Jacobs
Alle Kiski Pavilion
1704 4th Avenue
Arnold, PA 15068
(first class mail)

---

[2] As noted, the Court dismissed Jacobs' original *pro se* motion, without prejudice. (Docket No. 131). The Court's notes from the revocation proceeding also indicate that Jacobs brought up the petition he filed with the Court of Appeals during the revocation hearing.

[3] In light of this disposition, the Court need not address the statute of limitations defense raised by the Government in a footnote to its brief. (*See* Docket No. 145 at 4, n.1). The Court would add that Jacobs' initial *pro se* motion was timely submitted to this Court within one year of the Supreme Court's decision in *Johnson* as it was placed in the prison mail on June 22, 2016.